[801 NYS2d 324]

In the Matter of DANIEL B. DOBKIN (Admitted as DANIEL BEN-JAMIN DOBKIN), a Suspended Attorney, Respondent. GRIEV-ANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Peti-tioner.

Second Department, June 13, 2005

## APPEARANCES OF COUNSEL

*Faith Lorenzo*, Hauppauge, for petitioner.
*Norman B. Arnoff*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 14, 1993, under the name Daniel Benjamin Dobkin.

The petitioner served the respondent with a petition dated December 9, 2003, containing four charges of professional misconduct. After a preliminary conference on April 28, 2004, and a hearing on July 15, 2004, the Special Referee sustained all four charges. The petitioner moves to confirm the Special Referee's report and to impose such discipline as the Court may deem just and proper. By letter dated October 21, 2004, the respondent's counsel informed the Court that the respondent would not be making a cross motion but would rely on the record.

Charge One alleges that the respondent failed to cooperate with the petitioner in its investigation of a sua sponte complaint filed against him, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3). By letter dated March 8, 2002, the Lawyers' Fund for Client Protection advised the petitioner that a check drawn on the respondent's IOLA account was returned due to insufficient funds. By letter dated April 1, 2002, the petitioner informed the respondent that a complaint had been opened against him based upon the return of his IOLA check and requested that he submit a response within 20 days, and the relevant bank and bookkeeping records for the preceding six months. The respondent did not reply.

By letter dated May 1, 2002, sent via certified mail, the respondent was advised of his obligation to cooperate with the petitioner's investigation and was directed to submit a reply within 10 days. The respondent did not reply.

On May 29, 2002, the petitioner personally delivered to the respondent a letter requesting that he submit an answer within five days and notified him that the petitioner was authorized to move to suspend an attorney who fails to cooperate with a disciplinary investigation. The respondent did not reply.

On July 1, 2002, the petitioner served the respondent with a judicial subpoena and a subpoena duces tecum demanding his appearance on July 25, 2002, and requesting the production of relevant bank and bookkeeping records from August 2001 until June 3, 2002. The respondent was examined under oath on the adjourned date of July 30, 2002, and produced copies of his bank statements from July 2001 through March 2002. He failed to produce copies of his April, May, and June 2002 bank statements, the front and back of all cancelled checks and deposit slips, and the requested itemization describing the purpose and nature of each transaction in his IOLA account for the stated period. At his continued examination on September 12, 2002, the respondent produced only the April, May, and June 2002 bank statements.

On September 12, 2002, the petitioner renewed its request for the outstanding bank and bookkeeping records as well as billing records and his Mirkinson, Blume, O'Shea, and Hurvitz client files. On October 11, 2002, the petitioner personally delivered to the respondent a letter dated October 9, 2002, renewing its request for outstanding materials and notifying the respondent that his continued examination was scheduled for November 12, 2002. On October 22, 2002, the respondent was served with a judicial subpoena duces tecum requesting production on November 6, 2002, of specific bank and bookkeeping records from April 1, 2001, through June 30, 2001, and July 1, 2002, through October 31, 2002, and billing records and client files. The respondent did not produce the subpoenaed records or appear for the continued examination under oath.

The petitioner personally delivered a letter dated April 22, 2003, to the respondent notifying him that his continued examination was scheduled for May 9, 2003. The respondent failed to appear.

Charge Two alleges that the respondent failed to produce required bank and bookkeeping records, based on the aforesaid facts, in violation of Code of Professional Responsibility DR 9-102 (i) and (j) (22 NYCRR 1200.46).

Charge Three alleges that the respondent misappropriated escrow funds entrusted to him, in violation of Code of Profes-

sional Responsibility DR 9-102 (a) (22 NYCRR 1200.46). The respondent represented Daniel J. O'Shea and the Helen A. O'Shea Trust, as sellers of real property to Anthony and Valerie Racanelli. Pursuant to the purchase agreement dated June 2001 the respondent was entrusted with a $50,000 down payment to be held in escrow pending closing of title or cancellation of the contract. On June 25, 2001, he deposited that sum into his Citibank IOLA account on behalf of the O'Shea-Racanelli transaction.

The closing occurred on or about October 16, 2002. On 10 occasions between August 13, 2001, and May 28, 2002, the balance in the respondent's IOLA account fell below the $50,000 down payment he was required to preserve. From May 31, 2002, to October 16, 2002, the balance remained unchanged at $21,338.61. Before the closing the respondent issued four checks against his IOLA account totalling $41,000 on behalf of his client, Daniel J. O'Shea, without the consent of the purchasers.

During the pendency of the contract, from June 2001 through October 2002, the respondent issued five checks from his IOLA account payable to himself, totalling $28,000 without the consent of the purchasers.

Charge Four alleges that the respondent failed to preserve escrow funds entrusted to him, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46). The respondent represented the Martin Hurvitz Trust as seller of real property to City Spires Equities Corporation. Pursuant to the contract of sale dated February 28, 2002, the respondent was entrusted with a $57,000 down payment to be held in escrow pending closing of title or cancellation of the contract. On or about March 1, 2002, the respondent deposited the $57,000 contract down payment from the purchaser into his IOLA account on behalf of the Martin Hurvitz Trust-City Spires Equities Corporation transaction.

The closing occurred on May 22, 2002. The respondent failed to preserve the down payment between its deposit on March 1, 2002, and the closing. From March 4, 2002 through May 1, 2002, there was a balance of $52,118.61 in the respondent's IOLA account.

Based on the respondent's admissions and the evidence adduced, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner confirms that there is no record of any

disciplinary action taken against the respondent other than the interim suspension related to this proceeding. While the respondent's clients may ultimately have received all funds to which they were entitled, the petitioner has presented uncontroverted evidence that respondent failed to properly preserve escrow funds in two separate real estate transactions.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and RIVERA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Daniel B. Dobkin, admitted as Daniel Benjamin Dobkin, is suspended from the practice of law for a period of five years, commencing immediately and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the five-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Daniel B. Dobkin, admitted as Daniel Benjamin Dobkin, shall continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Daniel B. Dobkin, admitted as Daniel Benjamin Dobkin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).